# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARKAN HAMANA,<br><br>                     Plaintiff,<br>   v.<br>SAM KHOLI, et al.,<br><br>                    Defendant. | Case No. 10cv1630 BTM (BGS)<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER** |

Plaintiff Arkan Hamana has filed a motion for a temporary restraining order ("TRO") [Doc. 3] seeking to enjoin Defendants from continuing foreclosure proceedings on his property. For the following reasons, the Court **DENIES** the motion.

## I. BACKGROUND

Plaintiff has sued Defendants for usury and a civil violation of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), among several other claims.[1] At the center of the allegations are a series of loans Defendants Sam Kholi and Kholi Enterprises, Inc. allegedly made to Plaintiff. In total, Plaintiff claims Kholi loaned him $1 million in three separate loans. One of the loans was secured by two pieces of Plaintiff's property, his home

---

[1] Plaintiff has sued four defendants. Only Sam Kholi and Sam Kholi Enterprises, Inc., however, are relevant to this motion because they purportedly issued the notices of default and election to sell. The Court therefore only discusses the allegations related to those Defendants.

at 2953 Via Roblar Court, El Cajon, CA 921019 and his commercial property at 3276 Monroe Avenue, San Diego, CA 92116. On May 20, 2010, Action Foreclosure Services, on behalf of Kholi Enterprises, recorded on both properties a notice of default and election to sell. Plaintiff wants to enjoin the foreclosure process.

In October 2007, Plaintiff alleges he borrowed \$400,000[2] from Kholi through Kholi Enterprises. On the face of the note, the loan had a one-year term and Plaintiff was to pay 10 percent interest each year. But according to Plaintiff, they orally agreed to a higher rate of 16.8 percent. Kholi also allegedly charged Plaintiff origination fees totaling \$50,000. This note was secured by Plaintiff's two properties, his home and his business. Plaintiff alleges he was induced into entering this loan by Kholi's false representation that, contrary to the one-year term on the face of the note, the loan would not mature as long as Plaintiff continued to make monthly interest payments.

Plaintiff allegedly borrowed more money from Kholi in January 2009. He claims he borrowed another \$400,000. This time, though, Plaintiff claims the loan was not evidenced by a promissory note, and the rate they agreed to was 16.8 percent per year. Plaintiff allegedly paid an origination fee of \$80,000 for the second loan.

The very next month, February 2009, Plaintiff says he borrowed from Kholi yet again. This time he allegedly borrowed \$200,000. Like with the second loan, they did not execute a written note. And again, Plaintiff claims the interest rate was 16.8 percent per year.

Plaintiff claims that he made payments on these three loans from their execution until May of 2010. But after an argument between Kholi and Plaintiff, Plaintiff claims Kholi then called the loans due. And on May 20, 2010, Kholi Enterprises caused notices of default and election to sell to be recorded against both properties.

## II. LEGAL STANDARD

To prevail on a motion for a temporary restraining order, the moving party must

---

[2] The \$400,000 was paid in two installments, one for \$300,000 in October 2007 and another for \$100,000 in January 2008.

establish that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Defense Council, Inc.*, __ U.S. __, 129 S. Ct. 365, 374 (2008).

## III.  DISCUSSION

At the outset, the Court notes that Plaintiff cites to the wrong standard for a temporary restraining order.  Plaintiff cites to cases saying that "the greater the relative hardship to the moving party, the less probability of success must be shown."  *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1119 (9th Cir. 1999)).  Although this used to be Ninth Circuit precedent, the Supreme Court rejected this test in favor of the one set forth in the preceding section.  No matter how much harm Plaintiff might suffer, he must still show that he is likely to succeed on the merits.  *See Winter*, 129 S. Ct. at 374.

Plaintiff does little to meet his burden.  He does not recite the elements of any of his sixteen claims and show how his evidence proves those elements.  He says that he "has submitted sufficient evidence that there is a strong likelihood that he will succeed at trial," and then mentions that he submitted his own declaration and the declaration of five other people "to whom KHOLI through KHOLI ENTERPRISES made similar usurious loans to." (Pl.'s Br. at 12.)  But he does not cite to any specific paragraphs of the declarations or explain why they support his claims.  The Court could deny his motion on this ground alone.

Still, the Court has reviewed the evidence supporting the two claims Plaintiff mentions as having a likelihood of success on the merits: the RICO claim and the usury claim.  The Court discusses its analysis below.

**1.   A Civil RICO Claim Cannot Be the Basis for Injunctive Relief**

The Court cannot issue injunctive relief based on a civil RICO claim. *Religious Tech. Ctr. v. Wollersheim*, 796 F.2d 1076, 1077 (9th Cir. 1986) (reversing district court's issuance of preliminary injunction because "injunctive relief is not available to a private plaintiff in a civil

RICO action"). Plaintiff's RICO claim therefore cannot be the basis for a temporary restraining order or preliminary injunction.

## 2. Plaintiff's Usury Claim

The California Constitution limits the interest rate than can be charged on certain types of loans. *See* Cal. Const. art. XV, § 1(1), (2). Parties may contract for a commercial loan at a rate up to the greater of ten percent, or five percent over the prime lending rate. *See id.* "The attempt to exact the usurious rate of interest renders the interest provisions of a note void. The usurious provisions, however, do not affect the right of the payee to recover the principal amount of the note when due." *Epstein v. Frank*, 125 Cal. App. 3d 111, 122 (1981) (citations omitted). A borrower therefore is still obligated to repay the principal on a note even if it has a usurious interest rate. *Id.* Any usurious interest paid, however, may be subject to treble damages. Cal. Civ. Code § 1916-3(a).

Here, assuming Plaintiff's allegations are true, the loans at issue may have usurious interest rates because, in effect, the rates exceed 10 percent.[3] But even if that were true, Plaintiff would only be able to get treble damages for any interest he paid in excess of the allowed rate.[4] He would still be obligated to pay back any principal he owes after taking credit for the payments he has already made. *See Weiss v. Brandt*, 137 Cal. App. 2d 710, 718–19 (1956). Moreover, the usurious interest rate alone would not be enough to cancel the deed of trust which secures the note. *See Campbell v. Realty Title Co.*, 20 Cal.2d 195 (1942); *West Coast Builders v. Pac. States Auxiliary Corp.*, 129 Cal. App. 112, 113 (1933) (the usurious interest rate on the note, "however, does not affect the validity of the note as to the principal sum to secure which the trust deed was executed"); *Finley v. Wyatt*, 113 Cal.

---

[3] The Court does not find that the loans have a usurious interest rate, but only assumes that Plaintiff can prove this for purposes of this motion.

[4] The statute of limitations for treble damages based on a usurious interest rate is one year from the date which the plaintiff paid the usurious interest. *See* Cal. Civ. Code § 1916-3(a). If a plaintiff sues after the one-year period, a court will reform the contract so that payments that would have been attributed to interest under the original agreement are instead credited toward principal until the principal is repaid. *Weiss v. Brandt*, 137 Cal. App. 2d 710, 718–19 (1956).

App. 233, 236 (1931). So even if Plaintiff can succeed in proving that the loans have usurious interest rates, he may still be in default on the loans, and Defendants would still have the right to foreclose on the properties. Plaintiff has not presented evidence proving that, absent the allegedly usurious interest rates, he would not still be in default.

For these reasons, Plaintiff has failed to show that even if he did succeed in showing that the loans have usurious interest rates, he would be entitled to terminate the foreclosure proceedings.

**3.    Fraud in the Inducement**

Although Plaintiff does not mention his fraud-in-the-inducement claim in his motion, the Court addresses it here because it may be a basis for rescinding the notes and the deed of trust. But in order to seek rescission, a plaintiff must restore or offer to restore everything he has received as consideration under the contract. Cal. Civ. Code § 1691(b). Here, Plaintiff has made no effort to show he is capable of doing so. Therefore, he has failed to prove he is likely to succeed on the merits of his rescission claim.

Because Plaintiff has failed to show a likelihood of success on his relevant claims, the Court needs not address the remaining elements for issuing a temporary restraining order.

### IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's request for a temporary restraining order [Doc. 3]. The Court **OVERRULES** Defendants' evidentiary objections as moot.

//
//
//
//
//
//

Plaintiff has also asked for an order to show cause why a preliminary injunction should not issue. The Court issues the following shortened briefing schedule on the preliminary injunction; Plaintiff's brief is due **September 3, 2010**. Defendants' opposition is due **September 13, 2010**. And Plaintiff's reply is due **September 16, 2010**. The Court will issue a separate order setting a hearing date shortly thereafter.

**IT IS SO ORDERED.**

DATED: August 19, 2010

Honorable Barry Ted Moskowitz
United States District Judge