# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARKAN HAMANA,<br><br>　　　　　　Plaintiff,<br>　v.<br>SAM KHOLI, et al.,<br><br>　　　　　　Defendants. | Case No. 10cv1630 BTM (BGS)<br><br>**ORDER RE MOTIONS TO DISMISS AND AMEND** |

　　Pending before the court are Plaintiff's motion to voluntarily dismiss certain claims [dock # 18], Defendants Kholi's and Hallak's motions to dismiss certain claims [dock # 6, 9], and Kholi's motion to strike [dock. # 6]. For the reasons that follow, Plaintiff's motion to dismiss certain claims is **GRANTED**, Defendants motions to dismiss are **GRANTED** in part and **DENIED** in part, and Defendant Kholi's motion to strike is **GRANTED**.

## I. PLAINTIFF'S MOTION TO DISMISS

　　Plaintiff moves to voluntarily dismiss ten of the seventeen claims brought in his First Amended Complaint ("FAC"). [Doc. # 18] Defendants oppose this motion on the ground that Plaintiff allegedly is seeking to avoid a dismissal with prejudice, as these ten claims are subject to Defendants' motion to dismiss. [Doc. # 24] Plaintiff, in reply, states that this motion is in line with his litigation strategy that focuses the case on core loan-sharking claims and agrees to dismiss with prejudice six of the ten claims that are "arguably duplicative" or "offer no additional remedy." [Doc. #26] Accordingly, **causes of action numbers 4, 6, 9, 10, 11, and 16 are dismissed without prejudice.**

Plaintiff may voluntarily dismiss without prejudice the remaining claims at issue. Defendants cite no case law to support their proposition that Plaintiff should be disallowed from voluntarily dismissing certain claims without prejudice while motions to dismiss are pending. Instead, Defendants assert that dismissal here would be inconsistent with Rule 15's "'underlying purpose of allowing amendments to facilitate a decision on the merits.'" [Doc. #24 (quoting 3 Moore's Fed. Prac. § 15.14[1] (3d ed. 2010))]

The Court disagrees. Defendants' position is premised on an assumption that if their motion to dismiss is successful, the claims at issue would be dismissed with prejudice. Only then would denying Plaintiff's motion result in final resolution of these claims. However, to the contrary, "[D]ismissal under Rule 12(b)(6) generally is not immediately final or on the merits because the district court normally will give the plaintiff leave to file an amended complaint to see if the shortcomings of the original document can be corrected." 5B Wright & Miller, Fed. Prac. & Proc. Civ. § 1357 (3d ed.) (citing numerous cases); *see also Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002); ("Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment.") Defendants make no showing that the causes of action that Plaintiff seeks to be dismissed without prejudice are fatally flawed, but rather argue that these causes of action are improperly pled.[1] Plaintiff, on the other hand, correctly argues that judicial economy would be improved by dismissing his business torts claims and duplicative loan sharking claims. Therefore, Plaintiff's motion to dismiss certain claims is **GRANTED**. **Causes of action numbers 13, 14, 15, and 17 are dismissed without prejudice.**

## II. DEFENDANTS' MOTIONS TO DISMISS

Following the voluntary dismissal of these claims, the only claims that remain subject

---

[1] ( *See* Hallak Mem. at 11 (arguing that the intentional interference with contractual relations claim fails because the FAC "reveals no specific facts regarding any valid contracts alleged to have been interfered with."); *id.* at 13 (arguing that intentional interference with prospective economic advantage claim fails because "Plaintiff does not allege that Mr. Hallak violated any law or other determinable legal standard"); *id.* at 15 (arguing that defamation claim fails because allegedly defamatory statements "do not contain any verifiable facts."); Kholi Mem. at 17 (arguing that the seventeenth cause of action fails because "nothing alleged in the FAC constitutes a breach of any fiduciary duty by Kholi."))

to Defendants' motions to dismiss are the second cause of action for RICO violations and the eighth cause of action brought under Bus. & Prof. Code § 17200, *et seq*. Defendants do not challenge causes of action numbers 1, 3, 5, 7, and 12.

**A. Second Cause of Action (RICO Violations)**

Plaintiff alleges the following predicate acts to support his claim that Defendants violated § 1962(a), (b), (c), and (d):  (1) mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343; (2) engaging in monetary transactions derived from unlawful activity in violation of 18 U.S.C. § 1957; (3) violation of 18 U.S.C. § 1952; and (4) "[e]ngaging in loan sharking, the charging of interest rates in excess of what is permitted by California law." (FAC ¶¶ 40, 43, 49)

None of these predicate acts are properly pled.  The predicate act of mail or wire fraud must be pled with particularity pursuant to Fed. R. Civ. P. 9(b). *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010); *Lancaster Community Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991).  Plaintiff has failed to provide sufficient detail regarding the use of mail or wires to perpetrate fraud and thus has not alleged violations of sections 1341 and 1343 sufficient to constitute "racketeering activity" under § 1961(a). *See Sanford*, 625 F.3d at 558; *Lancaster Community Hosp.*, 940 F.2d at 405.  Plaintiff's § 1957(a) allegation merely parrots the text of the statute and is therefore insufficiently pled. *See  Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *c.f. United States v. Dupre*, 117 F.3d 810, 821 (5th Cir. 1997).  Plaintiff's § 1952 reference is nothing more than a *pro forma* statutory citation; Plaintiff provides no supporting facts whatsoever.  Finally, an allegation of charging interest rates in excess of what is permitted under state law, without more, does not constitute a RICO predicate.  Thus, because the alleged predicate acts of "racketeering activity" asserted in the complaint fail, Plaintiff's second cause of action is **DISMISSED** without prejudice.[2]

---

[2] Because the Court grants Defendants' motion to dismiss the second cause of action, the Court need not address Defendants' remaining arguments as to why the RICO cause of action is insufficiently pled.  However, the Court will address Defendants' arguments that, if correct, could render leave to amend futile.

Defendants raise several arguments as to why dismissal should be with prejudice. None are persuasive at this time.

First, Defendants assert that the FAC negates the existence of damages to support RICO standing under 18 U.S.C. § 1964(c) because the amount of allegedly wrongful interest paid by Plaintiff ($480,800) is less than the amount of principal ($1,000,000) he received in loans from Defendant Kholi. (Kholi Mem. at 5-6; Hallak Mem. at 4-5)  The parties do not cite – and independent research did not uncover – any case law directly addressing whether a civil RICO plaintiff can show cognizable injury under 18 U.S.C. § 1964(c) where he has obtained more money in principal than he has paid in unlawful interest at twice the usury rate.

However, if Plaintiff amends his complaint and reasserts RICO claims, the Court will not necessarily have to reach this issue.  Plaintiff's complaint alleges that the loans at issue were secured by deeds of trust on Plaintiff's home and business and that on May 18, 2010, Defendant Kholi initiated foreclosure proceedings against these properties. (FAC ¶¶ 18, 20)  If these properties are collectively valued at more than $520,000 and there has been a foreclosure sale,[3] then Plaintiff would indisputably have present monetary damage.[4]

Second, Defendants take issue with Plaintiff's method for calculating interest rates for the three loans at issue, in order to assert that Plaintiff cannot prove the existence of "unlawful debt" within the meaning of § 1961(6).  (Kholi Reply at 5-7)  In his sur-reply, Plaintiff offers an alternative method for calculating this interest rate to show that each of the three loans charged interest rates at twice the enforceable rate under California law. (Sur-reply at 3-4)

---

[3] The record is unclear as to whether a foreclosure sale has taken place. On August 19, 2010, the Court denied Plaintiff's request for a temporary restraining order to enjoin foreclosure proceedings on his property, [dock. # 5], and on September 3, the Court granted the parties' joint motion to vacate Plaintiff's hearing for a preliminary injunction [dock. # 11].

[4] Plaintiff is cautioned that solely alleging present monetary damage is not, in of itself, sufficient to confer standing under § 1964(c). *See generally Fogie v. THORN Ams., Inc.*, 190 F.3d 889, 895 (8th Cir. 1999).

Although Plaintiff has not asserted collection of unlawful debt as a predicate offense to support violation of subsections of § 1962 in his complaint, the Court finds that Plaintiff may be able to allege facts to show that Defendants collected interest at twice the enforceable rates under California law. (*See* FAC ¶¶ 11-16)  Because Plaintiff's RICO allegations potentially can be repled to assert "collection of an unlawful debt" as the predicate offense, leave to amend would not be futile.  If Defendants believe that the method Plaintiff used in its sur-reply to calculate interest rates is flawed, they may so argue at a later time.

Finally, Defendant Hallak argues that the FAC fails to state a claim against Mr. Hallak under § 1962(c) and that "there is no way Hamana could cure this deficiency without contradicting the allegations of the FAC." (Hallak Reply at 2)  Defendant is correct that Plaintiff's § 1962(c) claim fails as to Mr. Hallak because the FAC contains no allegations that Mr. Hallak "participate[d] in the operation or management of the enterprise." *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993).  However, the Court disagrees with Mr. Hallak's position that Plaintiff's allegation that Mr. Hallak "acted as a strawman to hide [Defendant Kholi's] assets" (FAC ¶ 5) is inherently inconsistent with an argument that Mr. Hallak falls within the Supreme Court's "operation or management" test.  The Court will provide Plaintiff an opportunity to correct this pleading.

**B.  Eighth Cause of Action (Violations of Bus. & Prof. Code § 17200, *et seq.*)**

Defendants assert that Plaintiff lacks standing to bring claims under California Business and Professions Code sections 17200 *et seq* because Plaintiff has received more money in principal than he has paid in allegedly unlawful interest.  Section 17200 claims may only be brought by "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204.  The Court focuses its inquiry on the latter requirement because "[i]f a party has alleged or proven a personal, individualized loss of money or property in any nontrivial amount, he or she has also alleged or proven injury in fact." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 325 (2011).

The California Supreme Court in *Kwikset* recently explained that showing loss of money or property requires a plaintiff to demonstrate "some form of economic injury" and that there are "innumerable ways in which economic injury from unfair competition may be shown." *Id.* at 323. For example, a plaintiff who has been "deprived of money or property to which he or she has a cognizable claim" demonstrates economic injury. *Id.*

Plaintiff's section 17200 claims meet this broad standard. Plaintiff has alleged the payment of interest on loans at usurious rates, and Defendants do not seek dismissal of Plaintiff's usury claims. California law allows under certain circumstances treble recovery of such interest payments without reference to whether the interest payments made exceeded principal received. *See* Cal.Civ.Code § 1916-3. Accordingly, Plaintiff's usury cause of action contains facts that show a deprivation of money to which Plaintiff has a cognizable claim, independent of the fact that Plaintiff may have retained more money in principal than he paid in wrongful interest. Thus, Plaintiff has standing under § 17204, and Defendants' motions to dismiss the eighth cause of action are **DENIED**.

### III. MOTION TO STRIKE

Defendant Kholi moves to strike from the FAC the sentence on page 2, paragraph 3 of the FAC to page 3, line 1 that begins with "Plaintiff believes that." (Kholi Mem. at 18-19) Plaintiff does not oppose this motion. The Court **GRANTS** Defendant Kholi's motion to strike.

### IV. CONCLUSION

Plaintiff's motion to dismiss certain claims is **GRANTED**. Defendants motions to dismiss are **GRANTED** as to Plaintiff's RICO cause of action and **DENIED** as to Plaintiff's section 17200 claims. Defendant Kholi's motion to strike is **GRANTED**, and the sentence beginning on page 2, paragraph 3 of the FAC that begins with "Plaintiff believes that" is struck (FAC 2:28 – 3:1).

//
//

Causes of action 2, 4, 6, 9, 10, 11, 13-17 are **DISMISSED WITHOUT PREJUDICE**.

Causes of action numbers 1, 3, 5, 7, 8, and 12 remain operative. Plaintiff has leave to amend the complaint to cure the deficiencies, discussed above, in his second cause of action. This amended complaint must be filed within <u>twenty days</u> of the entry of this order.

DATED: March 15, 2011

*[signature: Barry Ted Moskowitz]*

Honorable Barry Ted Moskowitz
United States District Judge